UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21069-CR-Scola

UNITED STATES OF AMERICA,
    Plaintiff,

v.

VICTOR SUSANA-CASTRO,
    Defendant.
_____/

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT**

  In October 2022, this Court sentenced Mr. Susana-Castro to a term of 70 months imprisonment—a sentence in the middle of the advisory guideline range of 63-78 months. Since then, the United States Sentencing Commission (the "USSC") promulgated Amendment 821. That amendment, informed by multiple studies on recidivism by defendants with no criminal history points, reduces a qualifying defendant's adjusted offense level by two levels. A subsequent amendment by the USSC to §1B1.10 makes that reduction retroactive, but leaves a sentence reduction up to the discretion of the district court. *See* USSG §1B1.10, comment. (n.1(B) & n.7). Application of the two-level reduction to Mr. Susana-Castro's total offense level yields a new advisory guideline range of 51-63 months. He now respectfully requests that the Court reduce his sentence to the middle of that new advisory guideline range: 57 months.

  The Government response sets forth four reasons why the Court should not

reduce Mr. Susana-Castro's sentence—none of them are compelling and each should be rejected by the Court.

**I.    The Government's disagreement with how the guidelines were originally calculated is not a valid argument against a sentence reduction.**

The first three arguments in the Government's response boil down to this: the United States is upset that the advisory guideline range, as determined by the Court, turned out to be lower than the Government expected.[1] The fact that Mr. Susana-Castro "received every possible reduction in [his] guidelines calculations" isn't a coherent argument against applying the two-level §4C1.1 reduction and reducing Mr. Susana-Castro's sentence to 57 months—the middle of the new advisory guideline range.

First, the supposedly "unearned benefits" that the Government laments in its response did not appear out of thin air. The Government agreed in the plea agreement to recommend to the Court that Mr. Susana-Castro receive a two-level reduction for acceptance of responsibility. (D.E. 54 at ¶ 8.) No one forced or coerced the United States to agree to that term. Nor was it "unearned." Mr. Susana-Castro's decision to plead guilty and accept responsibility was timely, allowed the Government and judiciary to conserve valuable resources, and involved Mr. Susana-Castro truthfully admitting his criminal conduct—all factors that would have favored the two-level

---

[1] The Government's displeasure with the final advisory guideline range is especially perplexing in this case, since it expressly agreed in the plea agreement that it would not "seek a sentence that is outside the guideline range that is determined by the court." (D.E. 54 at ¶ 10.) Before agreeing to that term, the Government presumably considered the array of potential guideline ranges.

reduction with or without the Government's agreement. *See* USSG §3E1.1(a) & comment. (n.1 & n.3).[2]

Next, the Government argues that Mr. Susana-Castro's objections to the PSI were "full of inaccurate representations." (Gov't Resp. at 2.) But again, the Government's complaints about those objections are more sour grapes than actual argument. The Government had the opportunity to respond to those objections—which it did—and to present evidence at the sentencing hearing rebutting Mr. Susana-Castro's assertions—which it did not.

But more importantly, the Government response completely mischaracterizes Mr. Susana-Castro's PSI objections. Neither the Government's response to the motion nor its response to defendant's PSI objections point to any specific misrepresentation by Mr. Susana-Castro. In fact, very little about his offense conduct was in dispute at the time of the sentencing hearing. The United States <u>agreed</u> that Mr. Susana-Castro *did not* recruit his co-defendant. (D.E. 64 at ¶ 2.) The United States <u>agreed</u> that Mr. Susana-Castro was basically a drug courier. (*Id.* at ¶ 3 ("Susana and Corniel do not appear to have been the buyers; they were transporters who would take the cocaine to New York.").) And the United States <u>agreed</u>—in the factual proffer that it signed—that Mr. Susana-Castro was taking orders from drug suppliers in the Dominican Republic. (D.E. 55 at ¶¶ 2-4.) Despite the Government's agreement in the signed

---

[2] The Government's response also claims that because Mr. Susana-Castro absconded, the Court should deny his motion. (Gov't Resp. at 1-2.) But Mr. Susana-Castro's adjusted offense level already takes that conduct into account—he received a two-level enhancement for obstruction of justice. (PSI ¶ 31.)

factual proffer and in its response to defendant's PSI objections about what Mr. Susana-Castro's conduct entailed, the Government response appears to purposely conflate Mr. Susana-Castro's lack of knowledge about the broader conspiracy, *see* D.E. 61 at 4-5, with unfounded allegations that his PSI objections attempted to minimize his conduct with respect to the drug transaction that he pled guilty to in court. The sentencing hearing transcript, Mr. Susana-Castro's PSI objections and the Government's response to those objections, and the plea documents speak for themselves.

Furthermore, to now argue that those jointly agreed upon facts resulted in "unearned benefits" that should make Mr. Susana-Castro ineligible for a sentence reduction ignores that the United States signed the factual proffer, had the opportunity to object to the PSI, and, at the sentencing hearing, had the opportunity to argue and provide evidence to the Court regarding the application of certain guidelines. It failed to convince the Court of its positions then and its arguments now should fare no better. The Court should reject the response's arguments as a belated attempt to amend the factual proffer and relitigate the advisory guideline range. The Court should instead focus on the § 3553(a) factors and the USSC's reasoning for implementing §4C1.1 and making that new section retroactive.

## II. The requested reduction is reasonable and satisfies the requirements of § 3553(a).

The last argument put forth by the Government is that any sentence below the original sentence of 70 months would "flout the purposes of sentencing" and fail to "satisfy the directives of 18 U.S.C. § 3553(a)." (Gov't Resp. at 1-2.) Not true.

4

Section 3553(a) requires the Court consider seven factors when formulating a sentence. The Government's response does not and cannot specify why, in light of those factors, a sentence of 70 months is sufficient but a sentence of 57 months is insufficient.

First, the Government has provided no new information to the Court about the nature and circumstances of the offense or Mr. Susana-Castro's history and characteristics. Notably, the Government response contains no evidence or even a proffer that Mr. Susana-Castro has had disciplinary issues while incarcerated at FCI Coleman-Low.

Second, the Government does not argue that the requested sentence of 57 months would fail to provide adequate deterrence or would fail to protect the public from further crimes. And it cannot make that argument, because the very reason that the USSC amended the guidelines to add §4C1.1 is because it determined that for defendants with no criminal history, lowering the guideline range by two levels would result in shorter sentences with the same deterrent effect as longer, pre-amendment sentences. *See* USSC, *Amendments to the Sentencing Guidelines* (Apr. 27, 2023), at 77-80 (Reason for Amendment).

Third, §§ 3553(a)(3)-(6) favor a sentence reduction. While it is true that the decision to reduce Mr. Susana-Castro's sentence is discretionary, §§ 3553(a)(3)-(6) require that the Court consider the new advisory guideline range and the USSC's reasoning for establishing that new guideline range. Section 3553(a)(6) in particular requires the Court to consider the need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar conduct.

Finally, the Government argues that if the Court "did not think that 63 months was a sufficient sentence originally, it is difficult to see how it could determine that something less than [63 months] would be adequate now." (*Id.* at 2.) But it is not difficult. The advisory guideline range is now lower. The Court, back in October 2022, after considering all of the § 3553(a) factors, believed that a middle of the guidelines sentence was sufficient but not greater than necessary. If, as previously mentioned, the only real change between October 2022 and now is the applicable guideline range, then it follows that the Court should find that a sentence in the middle of the *new* guideline range is sufficient but not greater than necessary.

## CONCLUSION

In October 2022, the Court found that a sentence in the middle of the advisory guideline range was appropriate. That advisory guideline range has now been lowered by the sentencing commission and a sentence in the middle of that new range, 51-63 months, remains appropriate. The Government response concedes that Mr. Susana-Castro is eligible under §4C1.1, and is devoid of any meaningful reason why the Court should not reduce his sentence to the middle of the new guideline range. A sentence of 57 months is consistent with § 3553(a) and consistent with the USSC's research on recidivism among defendants like Mr. Susana-Castro.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

                                  *s/ Andrew S. Jacobs*
                                  Andrew S. Jacobs
                                  Assistant Federal Public Defender
                                  Florida Special Bar No. A5502687
                                  150 W. Flagler St., Ste. 1700
                                  Miami, FL 33130
                                  305-533-4201
                                  Andrew_Jacobs@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                          By:    */s/ Andrew S. Jacobs*
                                    Andrew S. Jacobs